IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUDY MILTON, *et al.*, | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-03-5837 |
| | § | |
| ANTHONY J. PRINCIPI, Secretary of | § | |
| Veterans Affairs, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on the Motion for

Summary Judgment [Doc. # 19] filed by Defendant Anthony J. Principi, Secretary of

Veterans Affairs.[1] Plaintiffs Judy Milton and Arthur Alvarado filed a Response [Doc.

# 22], and Defendant filed a Reply [Doc. # 23]. Based on the Court's review of the full

record in this case and the application of governing legal authorities, the Motion for

Summary Judgment will be granted.

## I.   FACTUAL BACKGROUND

The material facts in this case are undisputed. Judy Milton is a 55-year-old

African-American female who began working for the VA Medical Center in 1991.

Arthur Alvarado is a 59-year-old Hispanic male who began working for the VA

---

[1]     Defendant also filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. # 18]
in which Defendant argues that Plaintiffs lack standing to assert their claims in this case. This
motion will be denied as moot.

Medical Center in 1973.   At all relevant times, both Milton and Alvarado were employed as Therapeutic Radiologic Technologists ("TRTs") and were paid at the Grade 9, Step 9 salary level.

In September 2001 and February 2002, the VA Medical Center hired three new TRTs, all Caucasian females under the age of 40.   These three new TRTs were paid a one-time recruitment bonus of 25% of their salary, and two of them were hired at the Grade 9, Step 10 salary level.   Neither Plaintiff applied for any of these vacant TRT positions and, as current employees, neither Plaintiff was eligible for a recruitment bonus in 2001 and 2002.

Plaintiffs filed their charges of discrimination with the Equal Employment Opportunity Commission alleging that "on or about 9/11/01, three new hires were brought in with matched salary from M.D. Anderson with a 25% bonus."   *See* EEOC Charges, attached to Affidavit of Annie Fontenet, Exh. A to Defendant's Motion for Summary Judgment.

Plaintiffs then filed this lawsuit[2] alleging that the failure to pay them equal bonuses and the same higher salary paid to two of the three new TRTs was

---

[2]   Judy Milton filed the Original Complaint [Doc. # 1] on December 24, 2003.  Arthur Alvarado was added as a Plaintiff when the Amended Complaint [Doc. # 11] was filed on June 18, 2004.

discrimination on the basis of race and age (Milton) and race, color, sex, and age (Alvarado).[3]

## II.  ANALYSIS

### A.  Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.

---

[3]     In their Response to Defendant's Motion for Summary Judgment, Plaintiffs complain that an incentive award paid to employees in 1998 was not distributed equally and that they applied for the position of Chief Technologist in 2000 and were not selected for that position. Neither of these issues was included in Plaintiffs' EEOC Charges or in their Amended Complaint and, therefore, these allegations are not proper claims in this case.  *See* 42 U.S.C. § 2000e-5(a), (e); *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *Robinson v. Rubin*, 77 F. Supp. 2d 784, 792 (S.D. Tex. 1999).

R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy – "that is, when both parties have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). A dispute over a material fact is

genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* (quoting *Brenoettsy*, 158 F.3d at 911); *see also Quorum Health Resources, L.L.C. v. Maverick County Hosp. District*, 308 F.3d 451, 458 (5th Cir. 2002). The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Zucker ex rel. AIM Small Cap Growth Fund v. AIM Advisors, Inc.*, 371 F. Supp. 2d 845, 847 (S.D. Tex. 2005). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden at summary judgment." *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996); *see Roberson v. Alltel Information Services*, 373 F.3d 647, 654 (5th Cir. 2004); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris*, 144 F.3d at 380. In the absence of proof, the Court will not assume that the nonmovant could or would prove the necessary facts. *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).

B.    ***Prima Facie* Case of Discrimination**

To establish a *prima facie* case of discrimination, a plaintiff must show that he suffered an adverse employment decision. *See Ward v. Bechtel Corp.*, 102 F.3d 199,

202 (5th Cir. 1997) (sex and race discrimination); *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 394 (5th Cir. 2002) (age discrimination).  The Fifth Circuit has repeatedly held that "employment actions are not adverse where pay, benefits, and level of responsibility remain the same." *See Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999) (citing *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708-10 (5th Cir. 1997)).

In this case, it is undisputed that Plaintiffs' pay, benefits, and level of responsibility did not change when the new employees were hired.  Plaintiffs, as well as all other TRTs who were already employed by the VA Medical Center, were not eligible for a recruitment bonus when the new employees were hired.  It is undisputed that Plaintiffs' salary did not decrease or otherwise change because others were hired at higher salaries.  Consequently, Plaintiffs have not presented evidence that they suffered an adverse employment action.  Absent evidence of an adverse employment action, Plaintiffs cannot establish a *prima facie* case of race, sex, or age discrimination and Defendant is entitled to summary judgment.

## III.   <u>CONCLUSION AND ORDER</u>

The payment of recruitment bonuses and increased salaries to the newly-hired employees did not affect Plaintiffs' compensation.  As a result, Plaintiffs have failed to present evidence of an adverse employment action, and it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 19] is **GRANTED**.  It is further

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 18] is **DENIED AS MOOT**.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **12th** day of **October, 2005.**


Nancy F. Atlas
United States District Judge